IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHRISTOPHER KYALO NELSON,  )<br>  )<br>      Plaintiff, *pro se*,  )<br>  )<br>v.  )<br>  )<br>DOUGLAS A. COLLINS, SECRETARY  )<br>DEPT. OF VETERAN AFFAIRS,[1]  )<br>  )<br>      Defendant.  ) | Civil Action No. 8:24-cv-03579-LKG<br><br>Dated:  January 8, 2026 |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this federal sector employment discrimination matter, the Plaintiff, *pro se*, Christopher Kyalo Nelson, alleges that the Defendant, the Secretary of the Department of Veteran Affairs, Douglas A. Collins, violated Title IV of the Civil Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, by removing certain documents from his Equal Employment Opportunity ("EEO") investigative file and that the removal of these documents impacted the decision of the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO") in denying his discrimination claims.  ECF No. 1 at 1-2; *see also* ECF No. 21 at 2.  The Government has moved to dismiss the complaint, or, alternatively for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  *See generally* ECF No. 21.  The motion is fully briefed.  ECF Nos. 21, 23 and 24.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Government's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 21) and (2) **DISMISSES** the complaint.

---

[1] When this proceeding began, Denis R. McDonough was the Secretary of Veterans Affairs.  On February 5, 2025, Douglas A. Collins was sworn in as the Secretary of Veterans Affairs and is automatically substituted as a party.  *See* Fed. R. Civ. P. 25(d).

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

### A.     Factual Background

In this federal sector employment discrimination matter, the Plaintiff alleges that the Department of Veteran Affairs (the "VA") violated Title VII by removing certain documents from his EEO investigative file and that the removal of these documents impacted the EEOC's decision to deny his discrimination claims.  ECF No. 1 at 1-2; *see also* ECF No. 21 at 2.  As relief, the Plaintiff requests that, among other things, the Court order the VA to return the allegedly removed documents to his EEO investigative file.  ECF No. 1 at 7.

<u>The Parties</u>

Plaintiff, Christopher Kyalo Nelson, is a resident of Waldorf, Maryland and he previously worked for the VA Regional Office located in Salt Lake City, Utah.  ECF No. 1-2 at 1.

Defendant Douglas A. Collins is the Secretary of the United States Department of Veterans Affairs.  *See* ECF No. 1-1 at 1.

<u>Background</u>

As background, the Plaintiff is an African American male who worked at the VA Regional Office ("VARO") located in Salt Lake City, Utah, for approximately five months, from November 2018 through March 2019.  ECF No. 21 at 3.  On October 22, 2019, the Plaintiff filed a formal EEO complaint in which he alleged that officials at the VARO in Salt Lake City discriminated against him.  ECF No. 21-2.

On December 13, 2019, the VA sent the Plaintiff a Notice of Partial Acceptance of the following claims:

1. In January 2019 and ongoing, Kimberly Sell (KS), Human Resources Specialist, Monica Kuba (MK), NCC Coach, and Jana Billington (JB), NCC Manager, failed to provide the complainant a reasonable accommodation for a stand up and down desk and three monitors.

2. On August 23, 2019, Dagan McKinney (DM), VSC Coach, Daniel Prorok (DP), VSC Coach, and Jeff Williams (JW), RVSR Coach, did not select the complainant for the position of Veteran Service

---

[2] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to dismiss, or, in the alternative, for summary judgement; the Plaintiff's response in opposition thereto; and the Defendant's reply brief; and the memoranda in support thereof.  ECF Nos. 1, 21, 23 and 24.

2

>    Representative under vacancy announcement number 34119-40-JBG-10526628-BU.
>
> 3. On September 3, 2019, DM, DP and JW did not select the complainant for the position of Veteran Service Representative under vacancy announcement number 341-19-50-JBJ-10546957BU.
>
> 4. On September 5, 2019, DM, DP and JW did not select the complainant for the position of Veteran Service Rating under vacancy announcement number CASK-10502354-19-VAM.
>
> 5. On or about October 4, 2019, the complainant learned that JB initiated an investigation against the complainant in January 2019.
>
> 6. On unspecified dates, MK did not provide the complainant with positive job references, which he believes has handicapped his job search.

ECF No. 21-3 at 2. On March 20, 2020, the VA sent the Plaintiff a correction to the Notice of Partial Acceptance of Claims, indicating, in response to the Plaintiff's communication, that Claim #3 had been changed to the following:

> 3. On September 3, 2019, Bevan Llewayn (BL), Coach, did not select the complainant for the position of Legal Instrument Inspector under vacancy announcement number 341-19-50-JBJ-10546957BU.

ECF No. 21-5 at 1. On May 27, 2020, the VA's EEO investigator for the Plaintiff's claim, Linda Harris, issued a final report. ECF No. 21-6.

In the complaint, the Plaintiff alleges that, on June 9, 2020, he communicated with Ms. Harris *via* email and expressed concern that certain documents that he had submitted to the VA had not been included in his EEO investigative file. ECF No. 1 at 5. The Plaintiff also alleges that Ms. Harris told him that he "w[ould] have an opportunity during the hearing process to present this documentation directly to the Judge." *Id*. In addition, the Plaintiff alleges that Ms. Harris suggested that he "retain a legible copy and present this information to the hearing office upon request." *Id*.

The Plaintiff also alleges that he communicated with Charyln Stewart, the lead investigator at the Office of Resolution Management, who told him that she had "removed [from the Plaintiff's EEO investigative file] an offer letter for Veteran Service Representative from

3

Washington DC for the same job, procured with the same documents, during the same fiscal [year], because 'this announcement and offer was from Washington [and was] not relevant to [his] complaint that [was] filed against the Salt Lake City RO,'" on June 24, 2020. *Id*. at 5-6. In addition, the Plaintiff alleges that Ms. Stewart "admitted to removing [his] email to the Director of the Regional Office Salt Lake City, Utah on Tuesday, September 3, 2019, showing [his] need of work . . . and subsequent . . . conference call between [himself] and the 3 managers . . . who contacted [him by phone]." *Id*. at 6.

At the conclusion of the VA's EEO investigation, the VA notified the Plaintiff in writing of his right to request either a hearing and decision by the EEOC Administrative Judge with a subsequent final action by the Department, or an immediate final decision by the VA without a hearing. ECF No. 21-1 at 1. The Plaintiff initially requested a hearing. ECF No. 21 at 5. But, the Plaintiff later withdrew his request for a hearing. ECF No. 21-7. And so, the Administrative Judge dismissed the Plaintiff's hearing request on October 21, 2021, and remanded his complaint to the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA") for issuance of a Final Agency Decision. ECF No. 21-8.

On June 15, 2022, the VA issued a Final Agency Decision concluding that the Plaintiff failed to establish discrimination and the VA delivered a copy of the decision to the Plaintiff *via* email on that date. ECF No. 21-1. In the Final Agency Decision, the VA notified the Plaintiff of his right to file an appeal with the EEOC's Office of Federal Operations (the "OFO") within 30 days and the right to file an appeal in federal court within 90 days. *Id*. at 17-19.

On July 5, 2022, the Plaintiff filed a form notice of appeal with the OFO. ECF No. 21-9. On September 16, 2024, the OFO issued a decision affirming the Final Agency Decision. ECF No. 21-10.

## The Plaintiff's Allegations

The Plaintiff is proceeding in this matter without the assistance of counsel and his complaint is difficult to follow. But it appears that the Plaintiff alleges that the VA violated Title VII by removing certain documents from his EEO investigative file and that the removal of these documents impacted the EEOC's decision to deny his discrimination claims. *See generally* ECF No. 1.

Specifically, the Plaintiff alleges that the VA removed these documents "to gain a favorable ruling and control the narrative by having [him] further denied justice at the EEOC."

4

*Id*. at 1.  In this regard, the Plaintiff alleges that the removal of these documents "impacted" the EEOC's September 16, 2024, decision denying his discrimination claims.  *Id*.  To support this claim, the Plaintiff alleges that "[he] was hired in Washington, DC and offered the [sic] position which was in an offer letter which was removed and deemed irrelevant" and that the removed documents would have also shown that he has "never disrespected anyone nor cursed nor called the names alluded."  *Id*. at 7.  And so, the Plaintiff requests that, among other things, the Court order the VA to return the allegedly removed documents to his EEO investigative file.  ECF No. 1 at 7.

The Plaintiff raises additional allegations regarding his employment with the VA in his response in opposition to the Government's dispositive motion.  Specifically, the Plaintiff alleges in that submission that the VA: (1) denied him a reasonable accommodation while he was in training at the VA's location in Salt Lake City, Utah; (2) denied him interviews; (3) created a hostile work environment; and (4) retaliated against him.  ECF No. 23 at 3.  While these claims were previously raised in the Plaintiff's EEO complaint before the VA, the Plaintiff did not assert these claims in the complaint in this litigation.  *See* ECF Nos. 1 and 21-2.

### B.    Procedural History

On December 11, 2024, the Plaintiff filed the complaint.  ECF No. 1.  On June 25, 2025, the Government filed a motion to dismiss, or, in the alternative, for summary judgment, and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  ECF No. 21.

On July 25, 2025, the Plaintiff filed a response in opposition to the Government's motion.  ECF No. 23.  On August 8, 2025, the Government filed a reply brief.  ECF No. 24.

The Government's motion to dismiss, or, in the alternative, for summary judgment having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

### A. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL

6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.  Fed. R. Civ. P. 12(b)(6) And 12(d)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

In addition, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "must be treated as one for summary judgment" when "matters outside the pleadings are presented" to the Court.  *See* Fed. R. Civ. P. 12(d).  But, the United States Court of Appeals for the Fourth Circuit has held that documents are not considered to be matters outside of the pleadings if they are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### C. Title VII And Exhaustion Of Administrative Remedies

Title VII requires that a plaintiff file a charge of discrimination with the EEOC before filing suit in this Court.  42 U.S.C. § 2000e-5(f)(1) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also, e.g.*, *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("[T]he aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."); *Miles v. Dell, Inc*., 429 F.3d 480, 491 (4th Cir. 2005). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible."  *Miles*, 429 F.3d at 491.

Title VII also requires that an aggrieved party file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e–5(e)(1).  If a plaintiff "fails to file an administrative charge with the EEOC within one hundred eighty . . . days after an alleged discriminatory act occurs (or three hundred . . . days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed."  *Hentosh v. Old Dominion Univ*., 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)).

The Fourth Circuit has recognized that the exhaustion requirement under Title VII "is not simply a formality to be rushed through so that an individual can quickly file [a] subsequent lawsuit."  *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005).  Rather, together with the agency investigation and settlement process it initiates, this requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'"  *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).  The Supreme Court has also held that Title VII's charge-filing requirement "is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."  *Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019).  And so, the Court cannot consider matters that were not properly raised during the EEOC process, even when a plaintiff has filed a timely claim with the EEOC.  *See, e.g.*, *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co*., 80 F.3d 954, 963 (4th Cir. 1996) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable

investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'"); *Miles*, 429 F.3d at 491.

## IV.    ANALYSIS

The Government has moved to dismiss this matter, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, upon the grounds that the Plaintiff failed to exhaust administrative remedies before commencing this Title VII litigation and that the Plaintiff also fails to state a claim upon which relief may be granted.  ECF No. 21.  Specifically, the Government argues that the Plaintiff failed to administratively exhaust his claim challenging the removal of certain documents in his EEO investigative file before the VA prior to commencing this matter.  *Id*. at 10-11.  The Government also argues that the Plaintiff has not shown that he was prejudiced by the removal of these documents during the EEO proceedings.  *Id*. at 11.  And so, the Government requests that the Court dismiss the complaint, or, alternatively enter judgment summarily in its favor on this claim.  *Id*. at 13.

The Plaintiff largely fails to substantively respond to the Government's arguments in his response in opposition to the Government's motion.  ECF No. 23.  But he requests that the Court deny the Government's motion.  *Id*.

For the reasons that follow, the complaint and the undisputed evidence before the Court shows that the Plaintiff did not administratively exhaust his claim challenging the removal of certain documents from his EEO investigative file before commencing this civil action.  The factual allegations in the complaint, taken as true, also fail to show that the Plaintiff was prejudiced by the removal of these documents during the EEO proceedings.  In addition, when construed liberally, the complaint makes clear thar the Plaintiff has not properly raised his challenges to the VA's Final Agency Decision in this civil action, because these claims are not included in the complaint.  And so, the Court: (1) GRANTS the Government's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 21) and (2) DISMISSES the complaint.

### A.  The Plaintiff Has Failed To Exhaust His Claim

As an initial matter, the Court agrees with the Government that the Plaintiff has not complied with the requirement to administratively exhaust his claim in this case before the VA, prior to commencing this Title VII litigation.  It is well-established that the Plaintiff must file a charge of discrimination with the EEOC before filing a Title VII suit in this Court.  42 U.S.C. §

8

2000e-5(f)(1) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also, e.g.*, *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("[T]he aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles*, 429 F.3d at 491.

In this regard, the Fourth Circuit has recognized that the exhaustion requirement under Title VII "is not simply a formality to be rushed through so that an individual can quickly file [a] subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, together with the agency investigation and settlement process it initiates, this requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)). The Supreme Court has also held that Title VII's charge-filing requirement "is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). And so, the Court cannot consider matters that were not properly raised during the EEOC process, even when a plaintiff has filed a timely claim with the EEOC. *See, e.g.*, *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'"); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).

In this case, there can be no genuine dispute that the Plaintiff has not administratively exhausted his claim challenging the removal of documents from his EEO investigative file. The evidence before the Court regarding the Plaintiff's EEO proceedings before the VA make clear that the Plaintiff did not raise this claim in his EEO complaint, or before the VA. ECF Nos. 1, 21-1 and 21-2. The Court also agrees with the Government that this claim is not reasonably related to the claims that the Plaintiff did exhaust before the VA, because his challenge to the

9

removal of documents pertains to the EEO investigation of his employment discrimination claims rather than to the alleged underlying discriminatory conduct during his employment.

The Court also observes that the unrebutted evidentiary record in this case shows that the Plaintiff acknowledges that he was encouraged to, and afforded an opportunity to, raise a claim regarding the removal of the subject documents from his EEO investigative file before the VA in June 2020, but he declined to do so. ECF No. 1 at 5-9. And so, the Court must dismiss the complaint, for failure to exhaust administrative remedies. Fed. R. Civ. P. 12(b)(6).

### B. The Plaintiff Fails To State A Claim

A careful reading of the complaint also shows that the Plaintiff fails to state a claim in this case, because he was not prejudiced by the removal of the subject documents during the EEO proceedings before the VA. Given this, any error by the VA in removing these documents would be harmless.

The Plaintiff alleges that the VA's EEO investigator removed certain documents showing that he previously served, or was hired in, Washington, DC for the position of Veteran Service Representative, a position which the Plaintiff also applied for in the VA's Salt Lake City location. ECF No. 1 at 5-6. It appears that the Plaintiff believes that this document would help to establish that he was qualified for the Veteran Service Representative in Salt Lake City, which is an element of his non-selection employment discrimination claim. *See Langerman v. Thompson*, 155 F. Supp. 2d 490, 495 (D. Md. 2001) (holding that, to assert a failure-to-hire claim under Title VII, plaintiff must aver some facts that show (1) he is a member of a protected category; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination.).

But the evidentiary record makes clear that the VA concluded in both the Final Agency Decision and the OFO decision that the Plaintiff was qualified for the Veterans Service Representative position for which he applied. ECF No. 21-1 at 11 ("[t]he record shows [Nelson] met the basic qualifications for the position"); ECF No. 21-10 at 4 ("Complainant asserted that he applied for the first [VSR] position . . . and he was qualified for it because he had previously worked in the same position in Washington D.C. and had been interviewed for it in Buffalo."). Given this, the complaint lacks factual allegations, taken as true, to show that the subject documents would have impacted the VA's decision to deny the Plaintiff's discrimination claim.

10

### C. The Plaintiff's Remaining Claims Are Not Been Properly Raised

As a final matter, the Court observes that the Plaintiff's newly raised claims appearing to challenge the merits of the VA's Final Agency Decision denying his EEO claims are not properly raised in this litigation. In his response in opposition to the Government's dispositive motion, the Plaintiff raises for the first time in this litigation an apparent challenge to the VA's decision to deny his discrimination claims. ECF No. 23. While the Court is mindful that the Court must liberally construe the Plaintiff's complaint, even the most generous reading of the complaint makes clear that the Plaintiff only asserts a claim challenging the removal of documents from his EEO investigative file in that pleading. ECF No. 1. Given this, the Plaintiff's new claims are not properly raised before this Court. And so, the Court does not address these claims.

### V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Government's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 21); and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

                          s/Lydia Kay Griggsby
                          LYDIA KAY GRIGGSBY
                          United States District Judge